UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



ORIGINAL FILED

AUG 2 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA
DOJ

vs.

Thomas Mooney, Jr.
2409–37th Street, NW,
WASHINGTON, DC 20007

§
§
§
§
§
§

Civil Action No.: _____

Case: 1:07-cv-01535
Assigned To : Penn, John Garrett
Assign. Date : 8/29/2007
Description: Student Loan

## COMPLAINT FOR MONIES OWED TO THE UNITED STATES

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345, and 28 U.S.C. § 3004.

### The Debt

#### First Cause of Action - Claim Number: C107-00656

2. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal (after application of all prior payments, credits, and offsets) | $6,616.13 |
| B. Current Capitalized Interest Balance and Accrued Interest as of 8/23/2007 | $3,071.17 |
| C. Administrative Fee, Costs, Penalties | $.00 |
| **Total Owed - Claim Number C107-00656** | **$9,687.30** |

#### Second Cause of Action - Claim Number: C107-00657

3. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal (after application of all prior payments, credits, and offsets) | $8,064.81 |
| B. Current Capitalized Interest Balance and Accrued Interest as 08/23/2007 | $4,679.05 |
| C. Administrative Fee, Costs, Penalties | $.00 |
| **Total Owed - Claim Number C107-00657** | **$12,743.86** |

*Third Cause of Action - Claim Number: C107-00665*

4. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal (after application of all prior payments, credits, and offsets) | $5,758.82 |
| B. Current Capitalized Interest Balance and Accrued Interest as of 08/23/2007 | $528.36 |
| C. Administrative Fee, Costs, Penalties | $.00 |
| **Total Owed - Claim Number C107-00665** | $6,287.18 |

**TOTAL OWED (Claim Numbers C107-00656, C107-00657, and C107-00665) $28,718.34**

The Certificate of Indebtedness, attached as Exhibit "A", "B" and "C" show the total owed excluding attorney's fees. The Promissory Notes, attached as Exhibit "D", "E", "F", "G", "H" and "I". The principal balance and the interest balance shown on the respective Certificates of Indebtedness, are correct as of the date of the Certificates of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 6.650% per annum on Claim Number C107-00656 (See Exhibit A), 8.000% per annum on Claim Number C107-00657 (See Exhibit B), and 4.380% per annum on Claim Number C107-00665 (See Exhibit C).

### **Failure to Pay**

6. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 2, 3, and 4 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees of 30-50% of the total owed, to the extent allowed by law; and

C. For such other relief which the Court deems proper.

Respectfully submitted,

Thomas A. Mauro
Suite 400
1020 19th Street, N.W.
Washington, DC  20036-6101
Tel. (202) 452-9865
Fax. (202) 452-0092

Attorneys for Plaintiff

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

United States of America

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

Thomas Mooney, Jr.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Thomas A. Mauro, Esq.
1020--19th St., N.W., Suite #400
Washington, DC 20036
Tel No. 202 452 9865

Case: 1:07-cv-01535
Assigned To : Penn, John Garrett
Assign. Date : 8/29/2007
Description: Student Loan

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ⦿ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**○ A. Antitrust**
- ☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ● J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☒ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
● 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. 1345

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ $28,718.18   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☐   If yes, please complete related case form.

DATE 8/29/07   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

   I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

   III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

   IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

   VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

   VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS #2 OF 3

Thomas Mooney Jr.
Aka: Thomas Mooney,
Thomas J. Mooney
2409 37th Street N.W.
Washington, DC 20007-1836
Account No: 161368084

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 05/23/07.

On or about 07/25/87, 07/17/88 and 11/09/89, the borrower executed promissory note(s) to secure loan(s) of $4,000.00, $4,000.00 and $4,000.00, from Norwest Bank South Dakota (Sioux Falls, SD) at 6.65 percent interest per annum. This loan obligation was guaranteed by Higher Education Assistance Foundation and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et. seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $9,258.83 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 02/18/00, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $6,616.13 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 08/18/06, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal | $6,616.13 |
| Interest: | $2,960.27 |
| Total debt as of 05/23/07: | $9,576.40 |

Interest accrues on the principal shown here at the rate of $1.20 per day.

07 1535

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 6/21/07

_____
Loan Analyst
Litigation Support

EXHIBIT A

FILED
AUG 29 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS #3 OF 3

Thomas Mooney Jr.
Aka: Thomas Mooney,
Thomas J. Mooney
2409 37th Street N.W.
Washington, DC 20007-1836
Account No: 161368084

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 05/23/07.

On or about 07/25/87 and 07/17/88, the borrower executed promissory note(s) to secure loan(s) of $7,500.00 and $7,500.00, from Norwest Bank South Dakota (Sioux Falls, SD) at 8.00 percent interest per annum. This loan obligation was guaranteed by Higher Education Assistance Foundation and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et. seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $7,625.96 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 02/18/00, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $8,064.81 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 08/18/06, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal | $8,064.81 |
| Interest: | $4,516.43 |
| Total debt as of 05/23/07: | $12,581.24 |

Interest accrues on the principal shown here at the rate of $1.77 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 6/21/07

Loan Analyst
Litigation Support

EXHIBIT B

07 1535

FILED
AUG 29 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #1 OF 3

Thomas Mooney Jr.
Aka: Thomas Mooney,
Thomas J. Mooney
2409 37th Street N.W.
Washington, DC 20007-1836
Account No. 161368084

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 05/23/07.

On or about 10/24/04, the borrower executed a promissory note to secure a Direct Consolidation loan from the U.S. Department of Education. This loan was disbursed for $5,758.82 on 11/15/04, at 4.38 percent interest per annum. The loan was made by the Department under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087a et seq. (34 C.F.R. Part 685). The Department demanded payment according to the terms of the note, and the borrower defaulted on the obligation on 10/04/05. Pursuant to 34 C.F.R. § 685.202(b), a total of $0.00 in unpaid interest was capitalized and added to the principal balance.

The Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $5,758.82 |
| Interest: | $ 464.78 |
| Total debt as of 05/23/07: | $6,223.60 |

Interest accrues on the principal shown here at the rate of $0.69 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 6/21/07   _____
Loan Analyst
Litigation Support

EXHIBIT C

07 1535

FILED
AUG 2 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**LENDER COPY**

() BE SURE TO PUT YOUR INITIALS BY ANY CORRECTIONS YOU HAVE TO MAKE

# SUPPLEMENTAL LOANS FOR STUDENTS (SLS) PROMISSORY NOTE

**A. IMPORTANT-READ THIS INFORMATION CAREFULLY AND PRINT CLEARLY IN INK**

Your Name: Thomas J. Mooney
Your SSN: [redacted]
Your Address: 705 Elm Ave
Your City/State/Zip: Takoma Park MD 20912

The terms "I" and "me" refer to the borrower.

1. I will read the Promissory Note before I fill it out. If I have any questions, I will ask the financial aid administrator at my school or contact the Law School Admission Services.
2. When the lender accepts my signed Promissory Note with my application, the lender is not necessarily agreeing to lend me the money. The lender has the right not to make a loan or lend an amount less than the Loan Amount Requested. I will be required to repay only the amount of money that the lender lends, Laws and regulations may not allow the lender to lend me as much as I have asked for.
3. After HEAF has agreed to guarantee my loan, the lender will send me a Disclosure Statement. The Disclosure Statement will tell me
   a) the total dollar amount of my loan    b) the interest rate I will pay    c) the dollar amount of the guarantee fee I will pay
   d) the check disbursement date    e) repayment terms, if principal not deferred    f) interest payment terms, if principal repayment deferred

Some of the terms on my Disclosure Statement may be different from what they are on the Promissory Note. If they are different, the terms on the Disclosure Statement apply instead of what is on this Note. If I am not satisfied with the new terms, I may cancel the agreement. If I do wish to cancel this agreement, I will contact my lender immediately and I will not cash the loan check. I will be sure to check the Disclosure Statement as soon as I get it and let my lender know if anything looks wrong or if I have any questions.

**B. PROMISE TO PAY**

Norwest Bank South Dakota, N.A.
Sioux Falls, South Dakota

I, Thomas J. Mooney (Print your Name as Borrower), promise to pay to the order of

All of the following amounts in full:

1. The entire Loan Amount Requested or such lesser amount as is loaned.

LOAN AMOUNT: $4,000.00

## SLS PROMISSORY NOTE

**B. PROMISE TO PAY**

2. Interest. For a PLUS or SLS loan disbursed prior to July 1, 1987, the applicable interest rate may be 9, 12 or 14% per year. For loans disbursed on or after July 1, 1987, the interest will be equivalent to interest on the Loan Amount shown on the front of the application at a variable rate not to exceed 12 percent per year. The interest rate will be determined annually and will be disclosed to me prior to disbursement of my loan. The interest rate for any year will be the rate published for that year by the U.S. Department of Education for variable rate PLUS and SLS loans.

3. Guarantee Fee

HEAF may charge a fee to guarantee my loan. The amount, if any, is governed by current law, applicable regulations and HEAF policy and Rules and Regulations. The Guarantee Fee will be deducted from my check. I understand that this charge is not subject to refund except for the amount attributable to any disbursement I do not receive, which refund will, at the lender's option, be applied to my loan balance or be returned to me. My loan disclosure statement will show the actual guarantee fee charged.

**C. DISCLOSURE OF LOAN INFORMATION**

I understand that before I receive my loan check, my lender will send me a loan disclosure statement that identifies all the terms of my loan.

**D. GENERAL**

I understand that the lender has applied for guarantee coverage of this loan through the Higher Education Assistance Foundation (HEAF) and because of this, the loan is subject to, and the terms of this Promissory Note will be interpreted in accordance with, Title IV, Part B of the Higher Education Act of 1965, as amended, ("the Act"), federal regulations adopted under the Act, and the Rules and Regulations of HEAF. To the extent not governed by federal law, this Note shall be governed by the laws of the jurisdiction in which the lender is located.

**E. REPAYMENT**

1. I understand I can either defer principal payments while in school or begin repayment immediately. These options are described below and my choice is dialed in #13g on the front of this application.
   Deferred Repayment. If I answer YES to #13g, I wish to defer repayment of loan principal for reasons explained under Deferment in the application information booklet. (By law, the repayment period on this loan begins when the loan is disbursed with the final payment due within 60 days of disbursement.) However, during the period of deferment, interest shall, at my lender's option, and in accordance with the terms and conditions on the disclosure statement
   a. be paid by me in installments, or
   b. accrue and be added to the principal amount of the loan (capitalized), no more often than quarterly, in accordance with laws and regulations governing the PLUS and SLS programs. I will contact the lender prior to expiration of the period of deferment to negotiate the terms of repayment. If I neglect to do so, I authorize the lender to establish repayment terms within the guidelines set forth in Paragraph 2 of this Section, without my further approval, however, my lender must inform me of the terms in writing at the latest address which I have provided to the lender.
   Immediate repayment. If I answer NO to #13g, I agree to begin repaying loan principal and interest within 60 days of disbursement.

2. I will repay this loan within 10 years of the date of this Note, over a repayment period that generally lasts at least 5 years but no more than 10 years; however, the following exceptions to these rules apply:

3. The particular terms and conditions of repayment that apply to this loan will be set forth in the loan disclosure statement that the lender will provide to me.

4. My obligation to repay this loan shall be cancelled if I die or become totally and permanently disabled.

**F. PREPAYMENT**

At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment, I will be entitled to a refund of any unearned interest which I have paid. The amount of any such refund will be computed by the same method by which interest payments were computed.

**G. DEFERMENT OF PAYMENT**

In certain instances authorized by the Act, the payments of principal I am required to make as described under Repayment in this Note may be deferred. The instances currently authorized by the Act are described under Deferment in the application information booklet. If I seek such deferment, I agree with the relevant federal regulations and the Rules and Regulations of HEAF, including without limitation submission of required forms to the lender. I will remain responsible for payment of interest during any period of deferment which my lender may, (a) collect on a periodic basis, or (b) add to the principal balance of the loan.

**H. FORBEARANCE**

If I am unable to repay this loan in accordance with the terms established under Repayment in this Note, I may request the lender to modify these terms. I understand that such modification would be at the lender's option and would have to be in compliance with the Act, federal regulations adopted under the Act and the Rules and Regulations of HEAF. I understand that a modification of repayment terms under this Section in different from Deferment as described in this Note and that during this period I will remain responsible for payment of interest, which the lender may (a) collect from me on a periodic basis or (b) add to the principal balance of this loan.

**I. DEFAULT**

1. Definition. I understand that under the Act, and HEAF Rules and Regulations, any of the following events is a default:
   a. failing to make any installment payment when due, provided that this failure persists for 180 days for loan repayable in monthly installments or 240 days for a loan repayable in less frequent installments,
   b. making any false representation for the purpose of obtaining this loan;
   c. using the loan proceeds for other than educational purposes;
   d. failing to enroll in the school that completed the application for the time I am titled as my loan period;
   e. not notifying the lender immediately if I (a) drop to less than a half time student, (b) change my graduation date, (c) change my name, or (d) change my permanent address

2. Consequences of default. If I default on this loan,
   a. The lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable,
   b. The lender, holder, or guaranty agency may disclose to schools I have attended (or am currently attending) information about the default,
   c. I will be ineligible to receive assistance from all Title IV programs and any of the following federal programs: Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant, Perkins Loan

**SEE ADDITIONAL PROVISIONS ON THE REVERSE SIDE OF THIS NOTE**

**NOTICE TO BORROWER**

(a) DO NOT SIGN THIS NOTE BEFORE YOU READ ALL OF ITS PROVISIONS, INCLUDING THE PROVISIONS PRINTED ON THE REVERSE SIDE
(b) YOU ARE ENTITLED TO A COPY OF THIS NOTE
(c) YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY
(d) IF YOU HAVE ANY QUESTIONS OR WISH TO CANCEL THIS LOAN 1) DO NOT CASH THE LOAN CHECK(S) AND 2) CONTACT YOUR LENDER
(e) BY SIGNING THIS NOTE, YOU ARE AGREEING TO THE BORROWER'S CERTIFICATION ON THE REVERSE SIDE OF THIS NOTE

X _Thomas J. Mooney_    7/17/88

SIGNATURE: Maura L. Hoffman
TITLE: COLLECTION SUPPORT SUPERVISOR
DATE: _____

TRUE AND CORRECT COPY OF THE ORIGINAL PROMISSORY NOTE

LAW ACCESS SM PROGRAM

Poor Source Original
Document Retained


EXHIBIT 1

07 1535

FILED
AUG 29 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**BE SURE TO PUT YOUR INITIALS BY ANY CORRECTIONS YOU HAVE TO MAKE** LENDER COPY 3

## SUPPLEMENTAL LOANS FOR STUDENTS (SLS) PROMISSORY NOTE

**A. IMPORTANT — READ THIS INFORMATION CAREFULLY AND PRINT CLEARLY IN INK**

Your Name: Thomas J. Mooney
Your SSN: 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
Your Address: 705 Elm Ave
Your City/State/Zip: Takoma Park MD 20912

The terms "I" and "me" refer to the borrower.

1. I will read the Promissory Note before I fill it out. If I have any questions, I will ask the financial aid administrator at my school or contact the Law School Admission Services.
2. When the lender accepts my signed Promissory Note with my application, the lender is not necessarily agreeing to lend me the money. The lender has the right not to make a loan or lend an amount less than the Loan Amount Requested. I will be required to repay only the amount of money that the lender lends. Laws and regulations may not allow the lender to lend me as much as I have asked for.
3. After HEAF has agreed to guarantee my loan, the lender will send me a Disclosure Statement. The Disclosure Statement will tell me:
   a) the total dollar amount of my loan   b) the interest rate I will pay   c) the dollar amount of the guarantee fee I will pay
   d) the check disbursement date   e) repayment terms, if principal not deferred   f) interest payment terms, if principal repayment deferred

Some of the terms on my Disclosure Statement may be different from what they are on the Promissory Note. If they are different, the terms on the Disclosure Statement apply instead of what is on this Note. If I am not satisfied with the new terms, I may cancel the agreement. If I do wish to cancel this agreement, I will contact my lender immediately and I will not cash the loan check. I will be sure to check the Disclosure Statement as soon as I get it and let my lender know if anything looks wrong or if I have any questions.

**B. PROMISE TO PAY**

I, Thomas J. Mooney (Print Your Name as Borrower), promise to pay to the order of Norwest Bank South Dakota, N.A., Sioux Falls, South Dakota

All of the following amounts in full:

1) The entire Loan Amount Requested or such lesser amount as is loaned LOAN AMOUNT
REQUESTED $ 4,000.00

2) Interest, which for a SLS loan made for a period of enrollment beginning prior to July 1, 1987, the applicable interest rate is 12% per year. For loans made for periods of enrollment beginning on or after July 1, 1987, the interest rate will be equivalent to interest on the Loan Amount shown above, at a variable rate not to exceed 12 percent per year. The interest rate will be determined annually and will be effective January 1 through December 31 of each year. The interest rate for any year will be the rate published for that year by the U.S. Department of Education for variable-rate SLS loans.

3) The guarantee fee, which is determined as follows: If my loan period begins before July 1, 1987 the guarantee fee is .75% per annum of the Loan Amount shown above for the anticipated in-school period plus six months. If my loan period begins after July 1, 1987, the guarantee fee is 0% of the Loan Amount. This amount of the guarantee fee is deducted from the Loan Amount before disbursement of the loan proceeds. I understand that this charge is not subject to refund except for the amount attributable to any disbursement I do not receive, which refund will, at the lender's option, be applied to my loan balance or be returned to me.

**C. REPAYMENT**

1 ☐ Immediate Repayment. If box 1 is checked I agree to begin repaying loan principal and interest within 60 days of disbursement

2 ☐ Deferred Repayment. If box 2 is checked, I wish to defer repayment of loan principal for reasons explained on the reverse side of this Note. By law, the repayment period on this loan begins when the loan is disbursed with the first payment due within 60 days of disbursement. However, during the period of deferment interest shall, at my lender's option, and in accordance with the terms and conditions on the Disclosure Statement
 a. be paid by me in installments, or
 b. accrue and be added to the principal amount of the loan (capitalized), as frequently as allowed, in accordance with laws and regulations governing the SLS program
I will contact the lender prior to expiration of the period of deferment to negotiate the terms of repayment. If I neglect to do so, I authorize the lender to establish repayment terms within the guidelines set forth in paragraph 3, without my further approval, however, my lender must inform me of the terms in writing at the latest address which I have provided to the lender.

3. I will repay this loan within 10 years of the date of this Note, over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:
 a. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I — or, if both my spouse and I have GSLP, PLUS or SLS program loans outstanding, we — pay toward principal and interest at least $600 or the unpaid principal balance of all such loans (plus interest) whichever is less.
 b. If I qualify for any deferment period described under Section E in this Note, or if the lender grants "forbearance", those periods will not be included in the 5 and 10 year periods mentioned above.

4. The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document, known as a repayment disclosure, that the lender will provide to me

5. My obligation to repay this loan shall be cancelled if I die or become totally and permanently disabled

**D. GENERAL**

I understand that the lender has applied for guarantee coverage of this loan through the Higher Education Assistance Foundation (HEAF) and because of this, the loan is subject to, and the terms of this Note will be interpreted in accordance with, Title IV, Part B of the Higher Education Act of 1965, as amended, (the "Act"), federal regulations adopted under the Act, and the Rules and Regulations of HEAF. To the extent not covered by federal law, this Note shall be governed by the laws of the jurisdiction in which the lender is located

**E. DEFERMENT OF PAYMENT**

In certain instances authorized by the Act, the payments I am required to make under Section C may be deferred. The instances currently authorized by the Act are described on the reverse side of this Note. If I seek such deferment, I agree to comply with the relevant federal regulations and the Rules and Regulations of HEAF, including, without limitation, submission of required forms to the lender, I will remain responsible for payment of interest during any period of deferment which my lender may, (a) collect on a periodic basis, or (b) add to the principal balance of the loan

**F. DEFAULT & ACCELERATION**

I have read Section K - Default on the reverse side of this Note, which explains the consequences of defaulting on the loan

**G. EFFECT OF RECEIPT OF STUDENT LOANS ON OTHER FINANCIAL AID**

I should investigate the availability at other forms of financial aid with the school's financial aid administrator. It may be to my benefit to determine eligibility for grants, work study and other sources of assistance before applying for a SLS loan. It should be understood that receipt of a SLS loan will affect the amount of any awards the student may receive from other programs

**H. LATE CHARGES**

If permitted by State law, the lender may collect from me a late charge if I fail to pay all or part of a required installment payment within 10 days after it is due or if I fail to provide written evidence that verifies my eligibility to have the payment deferred as described under Section E in this Note. A late charge may not exceed 6 cents for each dollar of each late installment

**I. FORBEARANCE**

If I am unable to repay this loan in accordance with the terms established under Section C, I may request the lender to modify these terms. I understand that such modification would be at the lender's option and would have to be in compliance with the Act, federal regulations adopted under the Act and the Rules and Regulations of HEAF. I understand that a modification of repayment terms under this Section is different from Deferment (Section E) and that during this period I will remain responsible for payment of interest which the lender may (a) collect from me on a periodic basis or (b) add to the principal of this loan

**J. PREPAYMENT**

At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment, I will be entitled to a refund of any unearned interest which I have paid. The amount of the refund will be computed by the same method by which interest payments were computed

**SEE ADDITIONAL PROVISIONS ON THE REVERSE SIDE OF THIS NOTE.**

**NOTICE TO BORROWER**

(a) DO NOT SIGN THIS NOTE BEFORE YOU READ ALL OF ITS PROVISIONS, INCLUDING THE PROVISIONS PRINTED ON THE REVERSE SIDE.
(b) YOU ARE ENTITLED TO A COPY OF THIS NOTE
(c) YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY
(d) IF YOU HAVE ANY QUESTIONS OR WISH TO CANCEL THIS LOAN 1) DO NOT CASH THE LOAN CHECK(S) AND 2) CONTACT YOUR LENDER
(e) BY SIGNING THIS NOTE, YOU ARE AGREEING TO THE BORROWER'S CERTIFICATION ON THE REVERSE SIDE OF THIS NOTE

X /s/ Thomas J. Mooney   7/25/87
Sign Your Name                    Today's Date

---

**IMPORTANT: BORROWER MUST COMPLETE REFERENCE INFORMATION**

Write in the names of three different references who would be likely to know where you will be. The individuals you list below are for reference purposes only, they will not be expected to repay your loan.
In 1, write in the name, address, and home telephone number of one of your parents or your legal guardian. If your parents are not living together, write the information for one parent in 1 and the information for the other parent in 2. If your parents are deceased, write in the name of another adult relative who would know where you will be in 2 and 3, write in the name, address, and home telephone number of two other adult relatives or friends

1. Parent or Guardian.
Name: Julia Callahan
Address: 4622 Rising Sun Ave
City, State, Zip Code: Phila PA 19140
Telephone Number: 215-GL5-4433

2. Other adult relative or friend
Name: Timothy Maloney
Address: 4305 Josephine St
City, State, Zip Code: Beltsville MD 20705
Telephone Number: (301) 937-8530

3. Another adult relative or friend
Name: Alan [illegible]
Address: 3 Columbia [illegible]
City, State, Zip Code: Rockville [illegible]
Telephone Number: 301-340[illegible]

Poor Source Original Document Retained

"I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS A TRUE AND CORRECT COPY OF THE ORIGINAL PROMISSORY NOTE."

SIGNATURE: [signature]
TITLE: COLLECTION SUPPORT SUPERVISOR
DATE: JUL 18 2006

RAM



07 1535

EXHIBIT E

FILED
AUG 29 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# LAWLOANS
## SUPPLEMENTAL LOANS FOR STUDENTS (SLS) PROMISSORY NOTE

BE SURE TO FILL IN ANY BLANKS BEFORE YOU MAKE
| | |
|---|---|
| My Name | Thomas J Mooney |
| My SSN | 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 |
| My Address | 705 Elm Ave |
| My City/State/Zip | Takoma Park MD 20912 |
| My Law School | Cath Univ |

### A. IMPORTANT–READ THIS INFORMATION CAREFULLY AND PRINT CLEARLY IN INK

The terms "I" and "me" refer to the Borrower.

1. I will read the Promissory Note before I fill it out. If I have any questions, I will ask the financial aid administrator at my school or contact LAWLOANS℠.
2. When the lender accepts my signed Promissory Note with my application, the lender is not necessarily agreeing to lend me the money. The lender has the right not to make a loan or lend an amount less than the Loan Amount Requested. I will be required to repay only the amount of money that the lender lends. Laws and regulations may not allow the lender to lend me as much as I have asked for.
3. After HEAF has agreed to guarantee my loan, the lender will send me a Disclosure Statement. The Disclosure Statement will tell me:
   a) the total dollar amount of my loan
   b) the interest rate I will pay
   c) the dollar amount of the guarantee fee I will pay
   d) the check disbursement date
   e) repayment terms, if principal not deferred
   f) interest payment terms, if principal repayment deferred

Some of the terms on my Disclosure Statement may be different from what they are on the Promissory Note. If they are different, the terms on the Disclosure Statement apply instead of what is on this Note. If I am not satisfied with the new terms, I may cancel the agreement. If I do wish to cancel this agreement, I will contact my lender immediately and I will not cash the loan check. I will be sure to check the Disclosure Statement as soon as I get it and let my lender know if anything looks wrong or if I have any questions.

### B. PROMISE TO PAY

I, **Thomas J Mooney** (Print your Name as Borrower) promise to pay to the order of Norwest Bank South Dakota, N.A., Sioux Falls, South Dakota

All of the following amounts in full:

1. The entire Loan Amount Requested or such lesser amount as is loaned

LOAN AMOUNT REQUESTED $ **4,000**

2. Interest: For a PLUS or SLS loan disbursed prior to July 1, 1988, the applicable interest rate may be 9, 12, or 14% per year. For loans disbursed on or after July 1, 1988, the interest will be equivalent to the interest on the unpaid principal balance at a variable rate not to exceed 12 percent per year. The interest rate will be determined annually and will be disclosed to me prior to disbursement of my loan. The interest rate for any year will be the rate published for that year by the U.S. Department of Education for variable rate PLUS and SLS loans.

3. Guarantee Fee: HEAF may charge a fee to guarantee my loan. The amount, if any, is governed by current law, applicable regulations and HEAF policy and Rules and Regulations. The Guarantee Fee will be deducted from any check attributable to any disbursement I do not subject to refund except for the amount attributable to any disbursement I do not receive, which refund will, at the lender's option, be applied to my loan balance or be returned to me. My loan disclosure statement will show the actual guarantee fee charged.

### C. DISCLOSURE OF LOAN INFORMATION
I understand that before I receive my loan check, my lender will send me a loan disclosure statement that identifies all the terms of my loan.

### D. GENERAL
I understand that the lender has applied for guarantee coverage of this loan through the Higher Education Assistance Foundation (HEAF) and because of the loan is subject to all the provisions of the Higher Education Act of 1965, as amended, (the Act) federal regulations adopted under the Act, and the Rules and Regulations of HEAF. To the extent not governed by federal law, this Note shall be governed by the laws of the jurisdiction in which the lender is located.

### E. REPAYMENT
1. I understand I can either defer principal payments while in school or begin repayment immediately. These options are described below and my choice is indicated in ¶14(j) on the front of the application.
   Deferred Repayment: If I answer YES to ¶14(j), I wish to defer repayment of principal for reasons explained under Deferment in the application information booklet. (By law the repayment period on this loan begins when the loan is initially disbursed and the first payment can be within 60 days of final disbursement.) However, during the period of deferment, interest shall, at my lender's option and in accordance with the terms and conditions on the disclosure statement: a. be paid by me in installments, or b. accrue and be added to the principal amount of the loan (capitalized), no more frequently than law permits. In accordance with laws and regulations governing the PLUS and SLS programs, I will contact the lender prior to expiration of the period of deferment to negotiate the terms of repayment. If I neglect to do so, I authorize the lender to establish repayment terms within the guidelines set forth in this Section, without my further approval however, my lender must inform me of the terms in writing at the latest address which I have provided to the lender.
   Immediate Repayment: If I answer NO to ¶14(j), I agree to begin repaying this loan (principal and interest) within 60 days of final disbursement.

2. If this loan is disbursed in multiple installments, I agree that the interest which accrues prior to the start of my active repayment of this loan will, at my lender's option, be capitalized no more frequently than law permits or accrue with laws and regulations governing the SLS program.

3. I will repay this loan within 10 years of the date of this Note, over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:
   a. The lender may require a repayment period shorter than 5 years if necessary to ensure that during each year of the repayment period I or if both my spouse and I have Stafford (GSL), PLUS or SLS program loans outstanding, we pay toward principal and interest at least $600 or the unpaid principal balance of the loans (plus interest) whichever is less.
   b. If I qualify for any deferment period described under Deferment in this Note, or if the lender grants forbearance, those periods will not be included in the 5 and 10 year periods mentioned above.

4. The particular terms and conditions of repayment that apply to this loan will be set forth in the loan disclosure statement that the lender will provide to me.

5. My obligations to repay this loan shall be cancelled if I die or become totally and permanently disabled.

Form 7/1 714

### F. PREPAYMENT
At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment, I will be entitled to a refund of any unearned interest which I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

### G. DEFERMENT OF PAYMENT
In certain instances authorized by the Act, the payments of principal I am required to make as described under Repayment in this Note may be deferred. The instances currently authorized by the Act are described under Deferment in the application information booklet. If I seek such deferment, I agree with the relevant federal regulations and the Rules and Regulations of HEAF, including without limitation submission of required forms to the lender. I will remain responsible for payment of interest during any period of deferment which my lender may, (a) collect on a periodic basis, or (b) add to the principal balance of the loan.

### H. FORBEARANCE
If I am unable to repay this loan in accordance with the terms established under the Note, I may request the lender to modify these terms. I understand that such modification would be at the lender's option and would have to be in compliance with the Act, federal regulations adopted under the Act and the Rules and Regulations of HEAF. I understand that a modification of repayment terms under this Section is different from Deferment as described in the Note and that during this period I will remain responsible for payment of interest which the lender may (a) collect from me on a periodic basis or (b) add to the principal balance of this loan.

### I. DEFAULT
1. Definition: I understand that under the Act, and HEAF Rules and Regulations any of the following events is a default:
   a. failing to make any installment payment when due, provided that this failure persists for 180 days for a loan repayable in monthly installments or 240 days for a loan payable in less frequent installments
   b. making any false representation for the purpose of obtaining this loan
   c. using the loan proceeds for other than educational purposes
   d. failing to enroll in the school that completed the application for the time loan is to be my loan period
   e. not notifying my lender immediately if I (a) drop to less than a half time student, (b) change my graduation date, (c) change my name or (d) change my permanent address.

2. Consequences of default – If I default on this loan,
   a. The lender may declare the entire net amount of the loan, including interest, immediately due and payable.
   b. The lender holds or guaranty agency may disclose to schools I have attended or am currently attending information about the default.
   c. I will be ineligible to receive assistance from all Title IV programs and any of the following federal programs: Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant, Perkins Loan (formerly called National Direct Student Loan), Stafford Loan (GSL), Supplemental Loans for Students (SLS), PLUS loans or Consolidation Loans.
   d. I will be ineligible for the benefits described under Repayment and Deferment in this Note.
   e. I will be liable for all charges and other costs, including attorneys' fees, that are permitted by federal law and regulations for the collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay collection fees not to exceed 25 percent of the unpaid principal and accrued interest. Otherwise, collection fee amounts would rely due and payable at the option of the lender, which is may apply after complying with applicable notice and other required actions but not "Failure to exercise this option does not constitute a waiver of the lender's right to exercise the option at a later date.
   f. The lender may assign this Note to HEAF. I will then be required to pay HEAF all amounts owed.

**SEE ADDITIONAL PROVISIONS ON THE REVERSE SIDE OF THIS NOTE**

### NOTICE TO BORROWER
(a) DO NOT SIGN THIS NOTE BEFORE YOU READ ALL OF ITS PROVISIONS, INCLUDING THE PROVISIONS PRINTED ON THE REVERSE SIDE
(b) YOU ARE ENTITLED TO A COPY OF THIS NOTE
(c) YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY
(d) IF YOU HAVE ANY QUESTIONS OR WISH TO CANCEL THIS LOAN 1) DO NOT CASH THE LOAN CHECK(S) AND 2) CONTACT YOUR LENDER
(e) BY SIGNING THIS NOTE, YOU ARE AGREEING TO THE BORROWER'S CERTIFICATION ON THE REVERSE SIDE OF THIS NOTE

X _Thomas J Mooney_   Today's Date 11/9/87
Sign Your Name

LENDER'S COPY – SUBMIT WITH APPLICATION

Poor Source Original
Document Retained

---

"I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS A TRUE AND CORRECT COPY OF THE ORIGINAL PROMISSORY NOTE."

SIGNATURE: _Maria L. Hoffman_
TITLE: COLLECTION SUPPORT SR SUPERVISOR
DATE: JUL 18 2006

07 1535



EXHIBIT F

FILED
AUG 29 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

BE SURE TO PUT YOUR INITIALS BY ANY CORRECTIONS YOU HAVE TO MAKE

## GUARANTEED STUDENT LOAN PROMISSORY NOTE

Your Name: Thomas J. Mooney
Your SSN: 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
Your Address: 705 Elm Ave
Your City/State/Zip: Takoma Park MD 20912

**A. IMPORTANT—READ THIS INFORMATION CAREFULLY AND PRINT CLEARLY IN INK**

The terms "I" and "me" refer to the borrower.

1. I will read the Promissory Note before I fill it out. If I have any questions, I will ask the financial aid administrator at my school or contact the Law School Admission Services.
2. When the lender accepts my signed Promissory Note with my application, the lender is not necessarily agreeing to lend me the money. The lender has the right not to make a loan or lend an amount less than the Loan Amount Requested. I will be required to repay only the amount of money that the lender lends. Laws and regulations may not allow the lender to lend me as much as I have asked for.
3. After HEAF has agreed to guarantee my loan, the lender will send me a Disclosure Statement. The Disclosure Statement will tell me:
   a) the total dollar amount of my loan   c) the dollar amount of the origination fee I will pay   e) my disbursement schedule (when I will get my loan checks)
   b) the interest rate I will pay   d) the dollar amount of the guarantee fee I will pay   f) how long my grace period will be

Some of the terms on my Disclosure Statement may be different from what they are on the Promissory Note. If they are different, the terms on the Disclosure Statement apply instead of what is on this Note. If I am not satisfied with the new terms, I may cancel the agreement. If I do wish to cancel this agreement, I will contact my lender immediately and I will not cash the loan check. I will be sure to check the Disclosure Statement as soon as I get it and let my lender know if anything looks wrong or if I have any questions.

**B. PROMISE TO PAY**

I, **Thomas J. Mooney** (Print Your Name as Borrower), promise to pay to the order of **Norwest Bank South Dakota, Sioux Falls, South Dakota**

All of the following amounts in full:

1) The entire Loan Amount Requested or such lesser amount as is loaned. LOAN AMOUNT REQUESTED $ **7,500.00**

2) Interest on the unpaid principal balance. [...]

3) The Guarantee Fee. [...]

4) The Origination Fee. [...]

**C. GENERAL** [...]

**D. REPAYMENT** [...]

4) I will repay this loan over a repayment period that generally lasts at least 5 years but no more than 10 years. [...]

**E. DEFAULT & ACCELERATION** [...]

**F. DEFERMENT** [...]

SEE ADDITIONAL PROVISIONS ON THE REVERSE SIDE OF THIS NOTE.

**NOTICE TO BORROWER**
(a) DO NOT SIGN THIS NOTE BEFORE YOU READ ALL OF ITS PROVISIONS, INCLUDING THE PROVISIONS PRINTED ON THE REVERSE SIDE
(b) YOU ARE ENTITLED TO A COPY OF THIS NOTE
(c) YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY.
(d) IF YOU HAVE ANY QUESTIONS OR WISH TO CANCEL THIS LOAN 1) DO NOT CASH THE LOAN CHECK(S) AND 2) CONTACT YOUR LENDER
(e) BY SIGNING THIS NOTE, YOU ARE AGREEING TO THE BORROWER'S CERTIFICATION ON THE REVERSE SIDE OF THIS NOTE

X /s/ Thomas J. Mooney    7/25/87

**IMPORTANT. BORROWER MUST COMPLETE REFERENCE INFORMATION**

1. Parent or Guardian:
Name: Julia Callahan
Address: 4622 Rising Sun Ave.
City, State, Zip Code: Phila PA 19140
Telephone Number: 215-GL5-4433

2. Other adult relative or friend:
Name: Timothy Mooney
Address: 4305 Josephine St
City, State, Zip Code: Beltsville, MD 20205
Telephone Number: (301) 937-8530

3. Another adult relative or friend:
Name: Alan C.
Address: 3 Columbia
City, State, Zip Code: Rockville, MD
Telephone Number: (301) 340-____

"I DECLARE UNDER PENALTY OF PERJURY THAT FOREGOING IS A TRUE AND CORRECT COPY OF THE ORIGINAL PROMISSORY NOTE."
SIGNATURE: /s/
TITLE: COLLECTION SUPPORT SR. SUPERVISOR
DATE: JUL 18 2006

Poor Source Original Document Retained



EXHIBIT G

07 1535

FILED
AUG 29 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

BE SURE TO PUT YOUR INITIALS BY ANY CORRECTIONS YOU HAVE TO MAKE  LENDER COPY

# GUARANTEED STUDENT LOAN (GSL) PROMISSORY NOTE

| Your Name | Thomas J. Mooney |
|---|---|
| Your SSN | 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 |
| Your Address | 705 Elm Ave. |
| Your City/State/Zip | Takoma Park MD 20912 |

## A. IMPORTANT-READ THIS INFORMATION CAREFULLY AND PRINT CLEARLY IN INK

The terms "I" and "me" refer to the borrower.

1. I will read the Promissory Note before I fill it out. If I have any questions, I will ask the financial aid administrator at my school or contact the Law School Admission Services.
2. When the lender accepts my signed Promissory Note with my application, the lender is not necessarily agreeing to lend me the money. The lender has the right not to make a loan or lend an amount less than the Loan Amount Requested. I will be required to repay only the amount of money that the lender lends. Laws and regulations may not allow the lender to lend me as much as I have asked for.
3. After HEAF has agreed to guarantee my loan, the lender will send me a Disclosure Statement. The Disclosure Statement will tell me:
   a) the total dollar amount of my loan
   b) the interest rate I will pay
   c) the dollar amount of the guarantee fee I will pay
   d) the check disbursement date
   e) repayment terms, if principal not deferred
   f) interest payment terms, if principal repayment deferred

Some of the terms on my Disclosure Statement may be different from what they are on the Promissory Note. If they are different, the terms on the Disclosure Statement apply instead of what is on this Note. If I am not satisfied with the new terms, I may cancel the agreement. If I do wish to cancel this agreement, I will contact my lender immediately and I will not cash the loan check. I will be sure to check the Disclosure Statement as soon as I get it and let my lender know if anything looks wrong or if I have any questions.

## B. PROMISE TO PAY

I, **Thomas J. Mooney** (Print your Name as Borrower), promise to pay to the order of Norwest Bank South Dakota, N.A., Sioux Falls, South Dakota

All of the following amounts in full:

1) The entire Loan Amount Requested or such lesser amount as is loaned

LOAN AMOUNT REQUESTED: $ **7,500.00**

## GSL PROMISSORY NOTE

### B. PROMISE TO PAY

2) INTEREST: I agree to pay an amount equivalent to simple interest (as specified in (5) on the unpaid principal balance from the date of disbursement until the entire principal sum and accrued interest are paid in full.

3) However, the U.S. Secretary of Education ("Secretary") will pay the interest that accrues on this loan prior to repayment status and during any deferment, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the Guaranteed Student Loan Program ("GSLP"). In the event that the interest on this loan is payable by the Secretary, neither the lender nor other holder of this Note may attempt to collect this interest from me. I may, however, choose to pay this interest myself.

4) Once the repayment status begins I will be responsible for payment of all interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note.

5) The interest rate will be determined according to the following:
a. If I have an outstanding Guaranteed Student Loan(s) ("GSL") on the date I sign this Note, the applicable interest rate will be the same as the applicable interest rate on my outstanding GSL(s).
b. If I am borrowing for a period of enrollment which begins before July 1, 1988, and I have no outstanding GSL(s), the applicable interest rate on this loan will be 8%.
c. If I am borrowing for a period of enrollment which begins on or after July 1, 1988, and I have no outstanding GSL(s) but I do have an outstanding balance on any Parent Loans for Students ("PLUS"), Supplemental Loans for Students ("SLS") made for enrollment periods beginning before that date or on any Consolidation loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8%.
d. If I am borrowing for a period of enrollment which begins on or after July 1, 1988, and I have no outstanding balance on any GSL, PLUS, or SLS made for enrollment period(s) beginning before that date or on any Consolidation loan(s) which repaid loans made for enrollment periods beginning before that date, the applicable interest rate on this loan will be 8% until the end of the fourth year of my repayment status and will be 10% beginning with the fifth year of my repayment status.

6) The applicable interest rate
a. until the end of the fourth year of my repayment status, and
b. beginning with the fifth year of my repayment status will be identified on the Notice of Disclosure

7) I may also receive rebates of interest, if required by the Higher Education Act of 1965, as amended, when the applicable interest rate is 10%.

8) The lender or other holder of this note may add accrued unpaid interest to the unpaid principal balance (capitalization) of this loan in accordance with the Rules and Regulations and policies of the Higher Education Assistance Foundation (HEAF)

I understand that if I am eligible for federal interest benefits, the interest will be paid by the Secretary (a) during the period I am in school on at least a half-time basis, (b) during the grace period described in Section E below, and (c) during the time my loan payments are deferred as allowed by Section M below.

9) THE GUARANTEE FEE: HEAF may charge a fee to guarantee my loan. The amount, if any, is governed by current law, applicable regulations and HEAF policy and Rules and Regulations. The Guarantee Fee will be deducted proportionately from each disbursement. [illegible] is not subject to refund except for the amount [illegible] I receive, which refund will, at the lender [illegible] be returned to me. My loan disclosure [illegible] fee is charged.

10) THE ORIGINATION FEE: [illegible] proceeds of the loan. The fee is determined [illegible] and will be noted on my disclosure statement.

TRUE AND CORRECT COPY
SIGNATURE: [signature] 
TITLE: COLLECTION SUPPORT SR. SUPERVISOR
DATE: JUL 18 2000
LAW ACCESS ℠ PROGRAM

### C. DISCLOSURE OF LOAN INFORMATION

I understand that before I receive my first loan check, my lender will send me a loan disclosure statement that identifies all the terms of my loan.

### D. GENERAL

I understand that the lender has applied for guarantee coverage of this loan through the Higher Education Assistance Foundation (HEAF) and because of this, the loan is subject to, and the terms of this Promissory Note will be interpreted in accordance with, Title IV, Part B of the Higher Education Act of 1965, as amended, ("the Act"), federal regulations adopted under the Act, and the Rules and Regulations of HEAF. To the extent not governed by federal law, this Note shall be governed by the laws of the jurisdiction in which the lender is located.

### E. REPAYMENT

I will repay this loan in periodic installments during a repayment period that will begin no later than the end of my grace period.

However, during the grace period I may request that the repayment period begin earlier. The grace period begins when I cease to carry at least one half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP)

1) I will repay this loan over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply.
a. If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period in that event, I may later choose to have the repayment period extended to 5 years
b. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I—or, if both my spouse and I have GSLP, PLUS or SLS program loans outstanding, we—pay toward principal and interest at least $600 of the unpaid principal of all such loans (plus interest)
c. If I qualify for postponement of my payments during any period described under Deferment in this Note, or if the lender grants "forbearance", as allowed by the Act, these periods will not be included in the 5- and 10 year periods mentioned above.

2) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines set forth in Paragraph 4 of this Section, without my further approval; however, the lender must inform me of these terms in writing at the latest address that I have provided to the lender

3) The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document that the lender will provide to me before the repayment period begins

4) My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die

### F. PREPAYMENT

At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note In the event of prepayment, I will be entitled to a refund of any unearned interest that I have paid The amount of any such rebate will be computed by the same method by which interest payments were computed

SEE ADDITIONAL PROVISIONS ON THE REVERSE SIDE OF THIS NOTE

### NOTICE TO BORROWER
(a) DO NOT SIGN THIS NOTE BEFORE YOU READ ALL OF ITS PROVISIONS, INCLUDING THE PROVISIONS PRINTED ON THE REVERSE SIDE
(b) YOU ARE ENTITLED TO A COPY OF THIS NOTE.
(c) YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY.
(d) IF YOU HAVE ANY QUESTIONS OR WISH TO CANCEL THIS LOAN 1) DO NOT CASH THE LOAN CHECK(S) AND 2) CONTACT YOUR LENDER
(e) BY SIGNING THIS NOTE, YOU ARE AGREEING TO THE BORROWER'S CERTIFICATION ON THE REVERSE SIDE OF THIS NOTE.

X [signature] Thomas J. Mooney    7/17/88

Poor Source Original
Document Retained



07 1535

FILED

AUG 2 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

NOV 0 2 2004

Borrower's Name __THOMAS MOONEY JR__
Borrower's Social Security Number __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__

### Section E - Repayment Plan Selection

Carefully read the repayment plan information in "Direct Consolidation Loans" that accompanies this application and promissory note to understand your repayment plan options. Then, complete this section to select your repayment plan. Remember--

- All student loans must be repaid under the same repayment plan. Parent PLUS loans may be repaid under a different repayment plan.
- If you select the Income Contingent Repayment Plan, you must complete the "Repayment Plan Selection" and "Income Contingent Repayment Plan Consent to Disclosure of Tax Information" forms that accompany this application and promissory note. Your selection cannot be processed without these forms.
- If you want to consolidate a defaulted student loan(s) and you have not made a satisfactory repayment arrangement with your current holder(s), you must select the Income Contingent Repayment Plan.

31. Place an "X" in the box that corresponds to your repayment plan selection for each loan type. Note that Direct PLUS Consolidation Loans cannot be repaid under the Income Contingent Repayment Plan.

|  | Income Contingent | Standard | Extended | Graduated |
|---|---|---|---|---|
| **STUDENT LOANS** Direct Subsidized and Unsubsidized Consolidation Loans | [X] | ☐ | ☐ | ☐ |
| **PARENT LOANS** Direct PLUS Consolidation Loans | Not Available | ☐ | ☐ | ☐ |

### Section F - Promissory Note (Continued on reverse side)

**Promise to Pay:**

I promise to pay to the U.S. Department of Education (ED) all sums (hereafter "loan" or "loans") disbursed under the terms of this Promissory Note (note) to discharge my prior loan obligations, plus interest, and other fees that may become due as provided in this note. If I fail to make payments on this note when due, I will also pay collection costs including but not limited to attorney's fees and court costs. If ED accepts my application, I understand that ED will on my behalf send funds to the holder(s) of the loan(s) selected for consolidation in order to pay off this loan(s). I further understand that the amount of this loan will equal the sum of the amount(s) that the holder(s) of the loan(s) verified as the payoff balance(s) on that loan(s) selected for consolidation. My signature on this note will serve as my authorization to pay off the balance(s) of the loan(s) selected for consolidation as provided by the holder(s) of such loan(s).

This amount may be more or less than the estimated total balance I have indicated in Section D. Further, I understand that if any collection costs are owed on the loans selected for consolidation, these costs may be added to the principal balance of the consolidation loan.

I understand that this is a Promissory Note. I will not sign this note before reading it, including the text on the reverse side, even if I am advised not to read the note. I am entitled to an exact copy of this note and a statement of the Borrower's Rights and Responsibilities. My signature certifies that I have read, understand, and agree, to the terms and conditions of this note, including the Borrower Certification and Authorization printed on the reverse side and the accompanying Borrower's Rights and Responsibilities.

If consolidating jointly with my spouse, we agree to the same terms and conditions contained in the Borrower Certification and Authorization. In addition, we confirm that we are legally married to each other and understand and agree that we are and will continue to be held jointly and severally liable for the entire amount of the debt represented by the Federal Direct Consolidation Loan without regard to the amounts of our individual loan obligations that are consolidated and without regard to any change that may occur in our marital status. We understand that this means that one of us may be required to pay the entire amount due if the other is unable or refuses to pay. We understand that the Federal Direct Consolidation Loan we are applying for will be cancelled only if both of us qualify for cancellation. We further understand that we may postpone repayment of the loan only if we provide ED with written requests that confirm Federal Direct Consolidation Loan Program deferment or forbearance eligibility for both of us at the same time.

**I UNDERSTAND THAT THIS IS A FEDERAL LOAN THAT I MUST REPAY.**

32. Signature of Borrower ___[signature]___    Date _10/24/04_

Signature of Spouse (if consolidating jointly) _____    Date _____

Page 3


EXHIBIT 1

07 1535

**FILED**

AUG 2 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT